# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **In re:** | : | **Case No. 18-55613** |
| | : | |
| **Caren S. Williamson** | : | |
| | : | **Chapter 13** |
| | : | |
| **Debtor.** | : | **Judge C. Kathryn Preston** |

---

| | | |
|---|---|---|
| **Tanya Smith,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **AP Case No. 21-ap-02025** |
| **v.** | : | |
| | : | |
| **Caren S. Williamson, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## DEBTOR/DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Caren S. Williamson, Debtor/Defendant (hereinafter "Ms. Williamson") hereby moves to dismiss Plaintiff's Complaint. All of the claims should be dismissed with prejudice.

A memorandum supporting this motion follows.

                                                                       Respectfully submitted,

                                                                       /s/ Rebecca K. Hockenberry
                                                                       Rebecca K. Hockenberry (0074930)
                                                                       Thompson & Hockenberry Co. LPA
                                                                       371 Lexington Avenue
                                                                       Mansfield, OH 44907
                                                                       (567) 560-2095
                                                                       (614) 737-9945 facsimile
                                                                       Rebecca@attyth.com
                                                                       Attorney for Defendant

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| In re: | : | Case No. 18-55613 |
| Caren S. Williamson | : | |
| | : | Chapter 13 |
| | : | |
| Debtor. | : | Judge C. Kathryn Preston |

| | | |
|---|---|---|
| Tanya Smith, | : | |
| | : | |
| Plaintiff, | : | |
| | : | AP Case No. 21-ap-02025 |
| v. | : | |
| | : | |
| Caren S. Williamson, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF DEBTOR/DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING COMPLAINT**

Based upon the foregoing, Debtor/Defendant Caren S. Williamson, respectfully requests that the adversary proceeding Complaint filed by Tanya Smith be dismissed in accordance with Rule 12(b).

**I.    FACTS**

Scott Trott (hereinafter "Mr. Trott"), Ms. Williamson's ex-boyfriend, engaged in communications with Tanya Smith (hereinafter "Plaintiff") regarding purchasing Ms. Williamson's property located at 268 Pleasant Lee Drive, Heath, Ohio 43056 (hereinafter "the property"). Mr. Trott showed the property to Plaintiff. He then advised Ms. Williamson of Plaintiff's interest in the property and requested that she call Plaintiff to discuss same. Ms. Williamson contacted Plaintiff by phone as requested. Ms. Williamson communicated to Plaintiff

2

that she was in Chapter 13 bankruptcy and any sale would need to be approved by the Chapter 13 Trustee and bankruptcy court. Ms. Williamson advised that she would be amenable at that time to submitting an application for a short sale.

Plaintiff requested that Ms. Williamson allow her to rent the property while sale negotiations continued. The property was vacant at that time and Ms. Williamson agreed to rent the property to Plaintiff, rather than have it set empty. Plaintiff prepared the lease agreement and submitted it to Ms. Williamson. Ms. Williamson agreed to the terms of the presented lease agreement and signed same. Based upon the lease agreement, Plaintiff agreed to pay Ms. Williamson $1,200.00 monthly rent installments from August 17, 2020 and ending July 31, 2021. Under the section titled "Additional Terms and Conditions", the parties agreed that Plaintiff "has the right to purchase the property". However, the lease agreement is replete of an agreed upon purchase price or terms. As of June 17, 2021, Plaintiff has only paid $2,700.00 towards the lease agreement and is in arrears $6,300.00.

Ms. Williamson knew that some debris needed to be removed from the property and some repairs needed to be made to the driveway. As set forth in the written amendment on the lease agreement, Ms. Williamson agreed to waive the rent for August and September to cover the cost for debris removal. Ms. Williamson also agreed to cut the rent by 50% for the months of October, November and December to cover the cost of the driveway repairs. There were no other written amendments to the lease agreement. Plaintiff is in default of the lease agreement for failure to pay rent as agreed and making unauthorized renovations.

Since the August 2020, the parties have been in negotiations regarding the purchase of the property. The first written offer, a very low-ball offer, was received on September 7, 2020. After receiving the payoff from the mortgage lender, the offer was not accepted. A second offer was

received on November 12, 2020, for an amount of less than half of the mortgage balance. In December 2020, Ms. Williamson submitted an application for mortgage assistance so that a short sale offer could be considered. No response was received from PHH Mortgage. In March 2021, another payoff was requested from PHH Mortgage. On March 22, 2021, a third offer was received on behalf of Plaintiff again for less than the amount owed on the mortgage. No offers to purchase the property have been accepted, no agreement has been reached and no contract exists, in writing or otherwise. In fact, Plaintiff has defaulted on the only contract in existence, the lease agreement, due to her failure to pay monthly rent payments and making major renovations to the property without first obtaining Ms. Williamson's authorization.

## II.     LAW AND ARGUMENT

### 1. Automatic Stay Provisions and Jurisdiction

The automatic stay of the bankruptcy code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 USC § 362(a)(3). Jurisdiction is also improper as the link to the bankruptcy is that Plaintiff is seeking to enforce non-existent rights against the real property. The claims are non-core proceeding under 28 USC § 157, with state court claims and the bankruptcy court may abstain from hearing this matter. 28 USC § 1334.

### a. Plaintiff is not a creditor in this bankruptcy case.

Rule 7001(6) provides that an adversary proceeding is "a proceeding to determine the dischargeability of a debt." The debtor has a duty to file a list of creditors in the bankruptcy proceeding pursuant to 11 USC Code §521. Debtors do not have a duty to look into a crystal ball to predict potential creditors that might arise in the future. Debtor/Defendant filed this Chapter 13 bankruptcy case on September 5, 2018. Debtor/Defendant properly listed all of

4

her creditors in existence at the time she filed her bankruptcy. Debtor/Defendant did not list Plaintiff Tanya Smith as a creditor; and properly so. By Plaintiff's own admissions in the Complaint, Debtor/Defendant had no interactions with Plaintiff prior to the summer of 2020, and the actions asserted in the Complaint "arose after the petition for Chapter 13 relief had been filed …" See Paragraphs 5, 8, 12, 13, 16, 17, 18, and 19. Accordingly, Plaintiff's allegations under Rule 7001(6) must be dismissed as Plaintiff is not a proper creditor in this bankruptcy case.

**2. A Contract for Plaintiff to Purchase Debtor/Defendant's Real Property Never Existed; Therefore, There Can Be No Breach.**

The parties never reached an agreement regarding the purchase of the real property; thus, there is no contract and thus, no breach of contract. "Essential elements of a contract include an offer, acceptance, contractual capacity, consideration, a manifestation of mutual assent and legality of object and of consideration." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002- Ohio-2985, 770 N.E.2d 58, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). Here, Plaintiff made numerous offers to Debtor/Defendant to purchase the property. See Complaint Paragraphs 19, 36, and 38. None of these offers were accepted. "In order to declare the existence of a contract, the parties to the contract must consent to its terms, there must be a meeting of the minds of both parties, and the contract must be definite and certain. *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations* (1991), 61 Ohio St.3d 366, 369; see, also, *Alligood v. Proctor & Gamble Co.* (1991), 72 Ohio App.3d 309. Further, Ohio Revised Code § 1335.05 requires that contracts for the sale of lands must be in writing. There was no acceptance, no meeting of the minds, and any proposal to sell the property was indefinite and uncertain. There is no written contract for the purchase of the property. Accordingly, there is no contract, written or otherwise.

Plaintiff argues that Plaintiff's acts in performing unapproved major renovations removes the alleged "oral contract" from the Statute of Fraud requirements under Ohio Revised Code §1335.05. Plaintiff is in possession of the property under the lease agreement, and nothing more. Plaintiff took it upon her self to make substantive changes to the property, allegedly to make it habitable. Under the lease agreement, if the property is uninhabitable the appropriate remedy is to terminate the lease. The remedy is not to make substantive renovations in an effort to bully Ms. Williamson into selling Plaintiff the property. Again, there exists no meeting of the minds. The price of sale for the real property was never agreed upon, nor any other terms.

Plaintiff's Counts 1 and 2 seeking enforcement of an oral contract must be dismissed because Plaintiff fails to state a claim upon which relief can be granted as no contract exists.

**3. Ms. Williamson Made No Misrepresentations and Committed No Fraud.**

Ms. Williamson made no misrepresentations and did not commit fraud. The elements of fraud are: (a) a misrepresentation or concealment of fact; (b) that is material to the transaction at hand; (c) made falsely, with knowledge of its falsity or with utter disregard and recklessness as to whether it is false; (d) with the intent of misleading another into relying upon it; (e) justifiable reliance upon the misrepresentation or concealment; and (f) resulting injury proximately caused by reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984). Plaintiff initiated communications with Ms. Williamson through Ms. Williamson's ex-boyfriend. Ms. Williamson did not seek her out. Ms. Williamson agreed to consider offers to sell the property to Plaintiff and submitted an application for mortgage assistance to PHH Mortgage. Plaintiff initiated the idea of entering into a lease agreement for the property prior to a contract for sale being agreed upon. Plaintiff prepared the lease agreement and presented it to Ms. Williamson. Plaintiff has violated the lease agreement by failing to make monthly lease payments and by making major

renovations to the property without first obtaining Ms. Williamson's permission. If anyone has made misrepresentations, it is Plaintiff. Therefore Count 1 of the Complaint should be dismissed.

   **4. Plaintiff's Claim for Intentional Infliction of Emotional Distress is Wholly Unsupported.**

Plaintiff has failed to complain of any conduct by Debtor/Defendant that is so extreme and outrageous as to go beyond the bounds of decency or to be considered intolerable to a civilized community. Plaintiff has proffered no evidence of severe and debilitating serious emotional distress. The elements necessary to establish the tort of intentional infliction of emotional distress were set out by the Supreme Court of Ohio, in *Yeager v. Teamsters Local 20* (fn 1) (1983), 6 Ohio St. 3d 369, as: "1) extreme and outrageous conduct on the part of the defendant; 2) that the defendant intended to cause emotional distress or was reckless in that regard; 3) that the plaintiff has suffered serious emotional distress; and 4) that the defendant's conduct was the actual and proximate cause of that emotional distress." The parties have merely been trying to reach an agreement whereby Plaintiff would purchase Debtor/Defendant's property and Debtor/Defendant would be willing to sell the property. A lot of communication has taken place over the past year in this regard until communications broke down without reaching an agreement. Debtor/Defendant did not use any harsh language or make threats against Plaintiff. Plaintiff's Complaint makes a generalized statement that she "experienced (past-tense) severe emotional distress." See Complaint Paragraph 62. Such an innocuous assertion is insufficient to support a claim for intentional infliction of emotional distress. Even the symptoms Plaintiff alleges in Paragraph 60 are insufficient to support this claim. Therefore, Count III of the Complaint should be dismissed.

7

5. **Defendant PHH Mortgage Corporation Should Be Dismissed.**

Defendant PHH Mortgage Corporation must be dismissed as no allegations have been made by Plaintiff against them and Plaintiff has no privity of contract with PHH Mortgage Corporation in this matter. Ohio Civil Rules 17, 19 and 21 provide that a defendant must be necessary to the lawsuit. "A court may find that a party is misjoined when that party has no legal interest in the litigation." *In re H.W.*, 114 Ohio St.3d 65 (2007). PHH Mortgage corporation has no interest in this litigation. Plaintiff included PHH Mortgage Corporation merely as a fishing expedition. PHH Mortgage Corporation has been improperly joined as a defendant. Accordingly, PHH Mortgage Corporation should be dismissed from this lawsuit.

WHEREFORE, Debtor/Defendant respectfully requests that Plaintiff Tanya Smith's Complaint be dismissed in it's entirety.

Respectfully submitted,

/s/ Rebecca K. Hockenberry
Rebecca K. Hockenberry (0074930)
Thompson & Hockenberry Co. LPA
371 Lexington Avenue
Mansfield, OH 44907
(567) 560-2095
(614) 737-9945 facsimile
rebecca@attyth.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of DEBTOR/DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING COMPLAINT was served upon the following parties on this 18th day of June, 2021, via the Court's ECF system upon:

- Phillip Barragate    pbarragate@logs.com
- Charley Hess    charley@charleyhess.com

And by regular U.S. mail, postage prepaid upon:

- Caren S Williamson
  3223 Lakebreeze Drive
  Haines City, FL 33844

/s/ Rebecca K. Hockenberry
Rebecca K. Hockenberry (0074930)